## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 0:23-cv-60025-RKA

HOWARD COHAN,

      Plaintiff,

vs.

OC1 OF DANIA, LLC,
d/b/a OCEAN ONE BAR & GRILLE,

      Defendant.

_____/

### PLAINTIFF, HOWARD COHAN'S, MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, OC1 OF DANIA, LLC d/b/a OCEAN ONE BAR & GRILLE

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, hereby requests entry of a Final Default Judgment against Defendant, OC1 OF DANIA, LLC d/b/a OCEAN ONE BAR & GRILLE ("Defendant"). In support of this request, Plaintiff relies upon the record of this case and supporting documents submitted herewith.[1]

### FACTUAL ALLEGATIONS

Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe

---

[1] A Declaration of Jason S. Weiss, Esq. and an Affidavit of Time and Costs are attached hereto as Exhibit "1" in support of this Motion.

basal joint arthritis of the left thumb.  The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. Defendant is the lessee, operator, owner and/or lessor of the real property that is the subject of this lawsuit, and is located at 1801 Way Pointe Place, Dania Beach, Florida 33004 ("Premises") and is the owner of the improvements where the Premises is located.  The Premises qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's visit to the Premises on March 22, 2022 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA.  While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide accessible outdoor seating, indoor seating, bar and restrooms ("Violations"). The specific Violations as alleged in the Complaint are as follows:

1. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Outdoor Seating Area:

   a. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

   b. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

      c. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

2. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Indoor Seating Area :

      a. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

      b. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

      c. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

3. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Bar and Bar Area:

      a. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1 and 904.4.2 and/or §§4.32.4, 5.2, 5.3 and 5.4 of the 1991 ADA Standards.

b. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area, a baby changing table, a recreational area or table area adjacent to a pool for food or beverage service, or at a computer work surface in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

c. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

d. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

4. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the General Area of the Men's Restroom:

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

b. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

c. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2 and/or §§4.18, 4.18.2 and 4.22.5 of the 1991 ADA Standards.

d. Failing to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§305 and 306 and/or §4.2.4.1 of the 1991 ADA Standards.

e. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

5. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Accessible Stall of the Men's Restroom:

a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

b. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308 and/or §§4.25.3, 4.2.5 and 4.1.3 of the 1991 ADA Standards.

c.  Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

d.  Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4 and/or §4.16.6 of the 1991 ADA Standards.

e.  Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.

f.  Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

g.  Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§603, 603.2, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.

h.  Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

i.  Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

j.   Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

k.   Failing to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§305 and 306 and/or §4.2.4.1 of the 1991 ADA Standards.

Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises is a direct violation of the ADA and thus, Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

## <u>LEGAL CLAIMS</u>

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 7]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendant is operating a place of public accommodation and thus Defendant is required to rectify the Violations and maintain

the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A). Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at ¶¶ 25, 26, 27, 28 and 29]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (*citing Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Here, Plaintiff alleges that if Defendant modifies the Premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 9, 10, 11 and 12]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself to the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶¶ 9, 10, 11 and 12]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is clearly entitled to the relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

Plaintiff has retained Complete ADA Compliance to provide an inspection and consulting services in regard to this instant lawsuit and the specific violations of the ADA.  Complete ADA Compliance is an independent consulting firm that has specialized in advising businesses on complying with the Americans with Disabilities Act for approximately fifteen (15) years. This inspection is independent of all parties and un-biased. The consulting service includes surveying facilities and public accommodations to determine their compliance with requirements of the ADA; the making of recommendations for compliance; determining feasibility and costs of proposed modifications; and testifying before administrative agencies and courts regarding compliance issues.

## DAMAGES

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations at said Premises so that the Premises is in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendant to alter the Premises to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of **Five Thousand Eight Hundred Fifty-Seven Dollars ($5,857.50)**. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1.  This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2.  This Court enter an Order requiring Defendant to alter its Premises to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the above ADA Violations within six (6) months;

3.  This Court enter an Order directing Defendant to evaluate and eliminate its policies, practices and procedures toward persons with disabilities within six (6) months;

4.  This Court award reasonable attorney's fees and costs in the amount of **Five Thousand Eight Hundred Fifty-Seven Dollars ($5,857.50)**.

5.  This Court award such other and further relief as it may deem necessary, just and proper.

Dated: _____3/21/2023_____

                                        By:___/s/ *Jason S. Weiss*_____
                                        Jason S. Weiss
                                        Jason@jswlawyer.com
                                        Florida Bar No. 356890
                                        **WEISS LAW GROUP, P.A.**
                                        5531 N. University Drive, Suite 103
                                        Coral Springs, FL 33067
                                        Tel: (954) 573-2800
                                        Fax: (954) 573-2798
                                        *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 21st day of March, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and mailed a copy of said Motion for Entry of Final Default Judgment to Defendant, OC1 OF DANIA, LLC, d/b/a OCEAN ONE BAR & GRILLE, c/o registered agent via USPS mail.


By:    /s/ *Jason S. Weiss*
               Jason S. Weiss